## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

IN RE:
IVAN SERGIO ZIMMERMANN          Chapter  7

        Debtor            Case No.  07-20889

| | |
|---|---|
| BANK OF AMERICA ) | **Adversary Proceeding** |
| ) | |
| Plaintiff ) | No. 07-2056 |
| ) | |
| v. ) | |
| ) | |
| IVAN SERGIO ZIMMERMANN ) | |
| ) | |
| Defendant ) | |
| ) | |

<u>APPEARANCES</u>:

Kevin J. Burns, Esq.
Cohen, Burns, Hard & Paul
81 South Main Street, 2nd Floor, West Hartford, CT 06107
Counsel for Plaintiff

### RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

KRECHEVSKY, U.S.B.J.

I.

Ivan Sergio Zimmermann ("the debtor"), on July 2, 2007, filed a Chapter 7 petition. Bank of America ("the plaintiff"), on September 27, 2007, commenced the present adversary proceeding against the debtor asserting a credit card debt of $2,315.87, plus legal fees and costs, due it from the debtor was nondischargeable pursuant to Bankruptcy Code §523(a)(2)(A) as a debt obtained by fraud. The debtor,

who received his discharge on December 5, 2007, did not respond to the complaint.

The plaintiff, on November 12, 2007, filed a motion for entry of default for failure to plead, which motion was granted. The plaintiff, on December 19, 2007, filed a motion for default judgment holding that its claim for $2,965.87[1] is nondischargeable. At the January 10, 2007 hearing on the matter, the pro se debtor did not appear. The plaintiff's counsel presented as evidence a copy of the debtor's June, 2007 statement for the credit card issued by the plaintiff.

## II.

## BACKGROUND

The complaint alleges that, on July 18, 1999, the plaintiff issued the debtor a credit card with a $16,000 credit limit; and that between May 29 and June 25, 2007, the debtor incurred charges for purchases and fees totaling $2,315.87. The complaint contends that "the debtor utilized the credit card at a time where she [sic] knew or reasonably should have known she [sic] could not repay the debt" and "further submits that the subject charges were for luxury goods or cash advances and were incurred within ninety days of her [sic] bankruptcy filing in derogation of 11 USC Section 523(a)(2)(C)." (Complaint ¶¶ 10, 11.)

## III.

## DISCUSSION

### A.

Fed. R. Civ. P. 55, made applicable in bankruptcy proceedings by Fed. R.

---

[1] The motion was accompanied by affidavits to support a judgment for $2,965.87, comprised of credit card charges of $2,315.87, attorney's fees of $400.00, and costs of $250.00.

2

Bankr. P. 7055, concerning default judgments states, in relevant part:

> If the party against whom a default judgment is sought has appeared
> personally or by a representative, that party or its representative must
> be served with written notice of the application at least 3 days before the
> hearing. The court may conduct hearings or make referrals ... when, to
> enter or effectuate judgment, it needs to:
>> (A) conduct an accounting;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence; or
>> (D) investigate any other matter.

In the Second Circuit, "for the purposes of Rule 55 ... a debtor named as a defendant in an adversary proceeding in his own bankruptcy case is always deemed to have 'appeared' in the adversary proceeding so as to require notice of a motion for a default judgment." Batstone v. Emmerling (In re Emmerling), 223 B.R. 860, 867 (B.A.P. 2d Cir. 1997).

"Although the Debtor has failed to plead, a motion for judgment by default is not granted as a matter of right." American Express Centurian Bank v. Truong (In re Truong), 271 B.R. 738, 742 (Bankr. D.Conn. 2002) (Weil, J.); See also Valley Oak Credit Union v. Villegas (In re Villegas), 132 B.R. 742, 746 (9th Cir. B.A.P. 1991) ("Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.").

> "The general rule is that upon default, factual allegations of a
> complaint will be taken as true." Villegas at 746 n.5.   "Even after
> default, however, it remains for the court to consider whether the
> unchallenged facts constitute a legitimate cause of action, since a party
> in default does not admit mere conclusions of law." 10A Charles A.
> Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and
> Procedure § 2688 (1998).

Universal Bank, N.A. v. Owen (In re Owen), 234 B.R. 857, 859 n.2 (Bankr. D.Conn. 1999). Accordingly, the court in its discretion may, by holding a hearing or receiving

3

affidavits, require the plaintiff to present evidence of facts sufficient to support a prima

facie case for nondischargeability under §523(a)(2)(A).

**B.**

> Under § 523(a)(2)(A), a debt may be determined nondischargeable based
> on fraud where the creditor proves that: (1)the debtor made the
> representations; (2) at the time he knew they were false; (3) he made
> them with the intention and purpose of deceiving the creditor; (4) the
> creditor relied on such representations; (5) the creditor sustained the
> alleged loss and damage as the proximate result of the representation
> having been made.  The level of reliance is justifiable reliance. The
> burden of proof on the creditor is to prove each element of the statute by
> a preponderance of the evidence. Further, exceptions to dischargeability
> are narrowly construed, an approach that implements the fresh start
> policy of the Bankruptcy Code. To be actionable, the debtor's conduct
> must involve moral turpitude or intentional wrong; mere negligence,
> poor business judgment or fraud implied in law (which may exist
> without imputation of bad faith or immorality) is insufficient.  The
> question of how to deal with "representations" that credit card holders
> make when they incur credit card charges has engendered substantial
> comment in recent court decisions.  In general, courts hold credit card
> debts to be dischargeable absent a determination that the debtor did not
> intend to repay the charges when they were incurred.

Owen, 234 B.R. at 860 (quoting AT&T Universal Card Services Corp. v. Williams (In

re Williams), 214 B.R. 433, 435 (Bankr. D. Conn. 1997) (Internal quotation marks and

citations omitted)).

Section 523(a)(2)(C)(i) provides that, for purposes of subparagraph (A)--

> (I) consumer debts owed to a single creditor and aggregating more than
> $500 for luxury goods or services incurred by an individual debtor on or
> within 90 days before the order for relief under this title are presumed
> to be nondischargeable;....

**C.**

The plaintiff's motion relies solely on the presumption of nondischargeability

in §523(a)(2)(C)(i). The only evidence adduced by the plaintiff in support of its motion

are the affidavit of an employee of the plaintiff which recites that the debtor "is

4

responsible for charges for luxury items in the amount of S2,315.87 between May 26, 2007 and June 15, 2007 as born out by charges to his account during that time frame." (Wilkes Aff. ¶3.); the affidavits of the plaintiff's attorney attesting to the amount of legal fees and costs incurred; and the debtor's June 2007 statement for the credit card at issue.  The credit card statement, however, does not support the conclusory statement of the plaintiff's affiant that the charges indicated thereon were for luxury items. Section 523(a)(2)(C)(ii)(II) states that: "[T]he term 'luxury goods or services' does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor."  The credit card statement does not indicate what items the debtor purchased and the plaintiff introduced no evidence to indicate that the expenses shown for items such as car rental expense, internet use charges, and motel room were not necessary business expenses incurred by the debtor in connection with his occupation as a freelance journalist.[2] Because the plaintiff has not established that the charges at issue were for the purchase of luxury goods or services, the presumption of nondischargeability does not arise.  The plaintiff has provided no evidence of the debtor's prior credit card activity, payment history, or other practices which would indicate that any of the debt at issue was fraudulently incurred with intent not to repay it or in anticipation of the bankruptcy filing.

---

[2]  The court takes judicial notice of the "Statement of Financial Affairs" ("SOFA") filed with the debtor's petition, stating his occupation for each of the three years prior to filing his petition as freelance journalist (SOFA ¶1) and the debtor's affidavit, and supporting income and tax documents, filed in his bankruptcy case on July 2, 2007, attesting that during the six months preceding the petition he "was working as a self-employed broadcast journalist in Brazil" (Case No. 07-20889. doc. nos. 7,8,9).

IV.

## CONCLUSION

In accordance with the forgoing discussion, the court concludes that the plaintiff has failed to establish its prima facie case for a nondischargeable debt under §523(a)(2)(A). The plaintiff's motion for default judgment is denied and judgment will enter for the debtor.  It is

SO ORDERED.

Dated at Hartford, Connecticut this 15th day of January, 2008.

ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE